# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KELVIN DAVIS<br>2020 Pennsylvania Avenue, NW<br>Washington, DC 20006<br><br>    Plaintiff,<br><br>  v.<br><br>JEH CHARLES JOHNSON, SECRETARY,<br>U.S. DEPT. OF HOMELAND SECURITY<br>Washington, DC 20528<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Kelvin Davis, by way of his attorney, Morris E. Fischer, Esq., hereby states the following complaint, on information and belief formed after reasonable inquiry under the circumstances, against Defendant:

## PARTIES

1. Plaintiff, Kelvin Davis, is an individual citizen and resident of Washington, DC.

2. Defendant, Jeh Charles Johnson, in his official capacity as Secretary for the U.S. Department of Homeland Security.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 for claims arising under federal law, i.e., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et. seq.

-2-

4. At all times relevant to this case, Defendant has been an "employer" as defined by 42 U.S.C. § 2000e(b).

5. Venue is vested in this Court, since the facts giving rise to this case took place in the District of Columbia.

## FACTS

6. Plaintiff was born in 1959.

7. Plaintiff is African American.

8. Plaintiff is Male.

9. In June, 2010, Kelvin Davis began employment at the Immigrations and Customs Enforcement Agency ("ICE") a division of Department of Homeland Security ("DHS") as a Senior Advisor for Labor Relations, on a detail.

10. In October, 2010, Plaintiff was permanently hired by ICE.

11. Robert Parsons and Tom Mulherm were Kelvin Davis's supervisors when he was permanently hired by ICE.

12. In October, 2011, Kimberly Bauhs took Robert Parsons's position.

13. Ms. Bauhs appointed Michael Ellis as acting employee and labor relations director.

14. In January, 2012, Michael Ellis began his harassment of Kelvin Davis.

15. In March, 2012, Kelvin Davis had a meeting with Michael Ellis and Kimberly Bauhs about Michael Ellis's behavior to Kelvin Davis.

16. In July, 2012, Michael Ellis told Plaintiff that he was going to demote him from a senior advisor to labor relations specialist.

17. On or about August 14, 2012, Plaintiff contacted the EEO office to complain about discrimination.

18. Starting in October, 2012 and on, Plaintiff was then excluded from the National Labor Relations meeting, excluded from National collective bargaining negotiation meeting, given menial duties given such as filing, had compensatory time not approved by Michael Ellis, excluded from special act award, when two other less deserving employees received it.

19. Plaintiff's formal complaint of discrimination was accepted by ICE on or about July 1, 2013, HS-ICE-23222-2012.

20. The accepted issues for said complaint were:

   a. On August 27, 2012, Plaintiff received a work assignment from his supervisor with a completion date of August 29, 2012, after requesting sick leave for the period of August 27-31;

   b. On August 3, 2012, during a conference call, the mute button was pushed by his supervisor as he was talking;

   c. In the summer of 2012, his supervisor suggested he pay a cheaper gym fee while they were on travel to Indianapolis, IN and the cheaper gym fee was for local residents.

   d. On various undisclosed dates, he was denied work assignments at the appropriate grade level.

   e. On an undisclosed date, the Human Capital Officer and his supervisor berated him for underserved legal analysis and lack of leadership.

   f. In October, 2012, Plaintiff learned he was excluded from receiving a Special Act Award, when other Office of Human Capital employees involved in the collective

bargaining agreement (CBA) preparations and negotiations received a Special Act Award; and

g. On an undisclosed date, he was passed over for the position of Director, Employee & Labor Relations Director and an individual with less labor experience and training was allowed to be the Acting Director, Employee & Labor Relations Director (this claim was later withdrawn).

21. Plaintiff's formal complaint was amended to include the issue of discrimination based on reprisal when Plaintiff received a rating record of "Achieved Expectations" on his overall Performance Work Plan for the Performance Period, beginning on April 4, 2013 through September 30, 2013.

## COUNT I
## DISCRIMINATION BASED ON AGE

22. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

23. This action is brought pursuant to the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. seq., for employment discrimination on the basis of age.

24. Other similarly situated employees not of Plaintiff's age group were not subject to the same conditions of employment as Plaintiff as stated above.

25. A causal connection exists between Defendant's actions delineated above and Plaintiff's age.

26. The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

27. Defendants' aforementioned actions reflect directly on a discriminatory attitude toward Plaintiff.

28. Defendants' actions constituted a violation Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. Seq.,

29. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, and other damages.

30. Defendant's conduct was malicious, willful and intentional.

## COUNT II
## DISCRIMINATION BASED ON GENDER

31. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

32. Plaintiff suffered discrimination by Defendant, in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) et seq., through the actions delineated above.

33. Defendants' aforementioned conduct reflects directly on a discriminatory attitude toward Plaintiff.

34. Defendant's conduct was malicious, willful and intentional.

35. Defendant's aforementioned actions against Plaintiff were based on his gender.

36. Plaintiff's gender was a motivating factor in Defendant's discriminatory treatment of Plaintiff.

37. Plaintiff's gender was the motivating factor in Defendant's discriminatory treatment of Plaintiff.

38. The aforesaid discriminatory treatment of Plaintiff caused tangible harm to Plaintiff in that it affected the terms, conditions and privileges of his employment.

39. Other similarly situated employees not of Plaintiff's gender were not subject to the same conditions of employment as Plaintiff.

40. A causal connection exists between Defendant's discriminatory actions and Plaintiff's gender.

41. Defendant's actions caused Plaintiff monetary damages.

42. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, illnesses related to stress, and other damages.

## COUNT III
## DISCRIMINATION BASED ON COLOR

43. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

44. Plaintiff suffered discrimination by Defendant, in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) et seq., through the actions delineated above.

45. Defendants' aforementioned conduct reflects directly on a discriminatory attitude toward Plaintiff.

46. Defendant's conduct was malicious, willful and intentional.

47. Defendant's aforementioned actions against Plaintiff were based on his color.

48. Plaintiff's color was a motivating factor in Defendant's discriminatory treatment of Plaintiff.

49. Plaintiff's color was the motivating factor in Defendant's discriminatory treatment of Plaintiff.

50. The aforesaid discriminatory treatment of Plaintiff caused tangible harm to Plaintiff in that it affected the terms, conditions and privileges of his employment.

51. Other similarly situated employees not of Plaintiff's color were not subject to the same conditions of employment as Plaintiff.

52. A causal connection exists between Defendant's discriminatory actions and Plaintiff's color.

53. Defendant's actions caused Plaintiff monetary damages.

54. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, illnesses related to stress, and other damages.

## COUNT IV
## DISCRIMINATION BASED ON RACE

55. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

56. Plaintiff suffered discrimination by Defendant, in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) et seq., through the actions delineated above.

57. Defendants' aforementioned conduct reflects directly on a discriminatory attitude toward Plaintiff.

58. Defendant's conduct was malicious, willful and intentional.

59. Defendant's aforementioned actions against Plaintiff were based on his race.

60. Plaintiff's race was a motivating factor in Defendant's discriminatory treatment of Plaintiff.

61. Plaintiff's race was the motivating factor in Defendant's discriminatory treatment of Plaintiff.

62. The aforesaid discriminatory treatment of Plaintiff caused tangible harm to Plaintiff in that it affected the terms, conditions and privileges of his employment.

63. Other similarly situated employees not of Plaintiff's race were not subject to the same conditions of employment as Plaintiff.

64. A causal connection exists between Defendant's discriminatory actions and Plaintiff's race.

65. Defendant's actions caused Plaintiff monetary damages.

66. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, illnesses related to stress, and other damages.

## COUNT V
## RETALIATION

67. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

68. Plaintiff was retaliated against by Defendant, in violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) et seq., through the aforementioned action.

69. Defendant's aforementioned actions against Plaintiff were taken in retaliation for opposing unlawful employment practices in violation of 42 U.S.C. §2000e-3.

70. Plaintiff engaged in protected activity by filing EEO complaints and reporting age and gender discrimination to management.

71. Defendant was aware of Plaintiff's protected activity.

72. The aforementioned actions caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of his employment.

73. Plaintiff's protected activity was the cause of Defendant's aforementioned actions.

74. Other similarly situated employees who did not participate in such complaints were not subject to the same conditions of employment as Plaintiff.

75. A causal connection exists between Defendant's aforementioned actions and Plaintiff's protected activity.

76. Defendant's action caused Plaintiff monetary damages.

77. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, illnesses related to stress, and other damages.

### PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff demands:

   A.     Maximum compensatory damages;

   B.     Attorney fees;

   C.     the Special Act award Plaintiff was denied;

   D.     All other relief that the Court deems appropriate.

                             Respectfully Submitted,

                             _____
                             Morris E. Fischer, Esq.
                             1400 Spring Street Suite 350
                             Silver Spring, MD 20910
                             (301) 328-7631 phone
                             (301) 328-7638 fax
                              Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff herein demands a jury for all issues to be tried in this case.

        Respectfully Submitted,

        _____
        Morris E. Fischer, Esq.
        1400 Spring Street Suite 350
        Silver Spring, MD 20910
        (301) 328-7631 phone
        (301) 328-7638 fax
        Attorney for Plaintiff